SAUL, APPELLEE, *v.* WILLIAMS COUNTY BOARD OF EDUCATION ET AL., APPELLANTS.

(Decided July 18, 1940.)

*Mr. C. L. Newcomer,* for appellee.
*Messrs. Gebhard & Hogue* and *Messrs. Knepper, White & Dempsey,* for appellants.

CARPENTER, J. This cause is in this court on appeal on questions of law and fact. The plaintiff is a taxpayer of Center township Rural School District, Williams county, and as such he seeks to enjoin defendants, the county auditor and county treasurer, from collecting from him and other taxpayers of that district a three-mill school operating levy for the year 1940 imposed by the Board of Education of Williams county. That board of education, which will be referred to herein as the county board, and the board for the Center township district, which will be referred

to herein as the township board, are made parties defendant, as well as the auditor and treasurer.

The material facts which relate to the procedural steps taken to effect this levy are undisputed, and are substantially as follows:

On June 26, 1939, the township board submitted for the consideration of the county budget commission its annual budget for the year 1940, and this was filed with the county auditor on July 6, 1939, all as provided for in Section 5625-20, General Code. In that budget the township board estimated that the unencumbered balance on December 31, 1939, would be $14,874.29, and that the amount needed for 1940 would be $14,795 or $79.29 less than the estimated balance on hand at the beginning of the year. While it may not be material here, it is interesting to note from this budget that the actual balance at the end of the year 1937 was $18,682.31 and at the end of 1938 was $18,219.29; and that the expenditures for 1939 (the first six months being actual and the second six months estimated) would be $13,325.50 or $1,469.50 less than the estimated expenditures for 1940. The amount requested from "general property tax" for the "general fund" is $13,325.50.

On August 31, 1939, the township board filed with the county auditor a certified copy of a resolution passed by it on August 30, 1939, as follows:

"Due to the present accumulated school operating surplus fund of Center twp. a rural school board, we recommend to the Williams county tax commission that no tax for the 1939 tax year be levied in Center township for the school operating purposes."

On October 27, 1939, the budget commission, acting under Sections 5625-25 and 5625-26, General Code, certified the estimated resources for this school district for 1940 as follows: Balance, $14,874.29; general property tax, $5,500; other sources, $3,800; total, $24,174.29. The auditor fixed the levy to raise the $5,500 at three mills.

On October 30, 1939, the township board by resolution, the vote being three to two, refused to levy the tax certified by the budget commission.

On November 2, 1939, the county board, "being fully advised and satisfied of the failure of said township board to do and perform any of such acts, and that it is of urgent necessity that the resolution aforesaid be certified to the county auditor," resolved that the three-mill tax be levied on the tax duplicate of the township district, and certified that resolution to the county auditor who placed the levy on the duplicate.

In the school election of 1939 the personnel of the township board changed, and now four of the five members join that board with the county board in seeking to sustain the levy.

On January 9, 1940, plaintiff filed his petition herein and the same day a temporary restraining order was issued restraining the defendants from levying or collecting the three-mill tax. Later, on full hearing, this injunction was made permanent and the boards joined in this appeal.

The legal question is as stated by counsel for the boards:

"Did the county board of education have a right to make such levy, that is, to do and perform the act which the local board failed and refused to do and perform?"

It is elemental that "no tax * * * can be levied without express authority of law." *City of Zanesville* v. *Richards, Aud.*, 5 Ohio St., 589.

The defendant boards now contend that Section 7610-1, General Code, particularly the part italicized below, invested the county board with authority to make the levy when the township board failed and refused to do so.

The material provisions of that section are as follows:

"If the board of education in a district under the supervision of the county board of education fails to

provide sufficient school privileges for all the youth of school age in the district, or to provide for the continuance of any school in the district for at least thirty-two weeks in the year, or to provide for each school an equitable share of school advantages as required by this title, or to provide suitable school houses for all the schools under its control, * * * *the county board of education of the county to which such district belongs, upon being advised and satisfied thereof, shall perform any and all such duties or acts, in the same manner as the board of education by this title is authorized to perform them.* * * *

"All salaries and other money so paid by the county board of education, * * * shall be paid out of the county treasury from the general fund on vouchers signed by the president of the county board of education, * * * but they shall be a charge against the school district for which the money was paid. The amount so paid shall be retained by the county auditor from the proper funds due to such school district, at the time of making the semi-annual distribution. of taxes." (Italics ours.)

It will be noted that nowhere in this section is authority expressly given to a county board to levy a tax, and the things such board can do for a neglectful township board are limited by the phrase, "by this title" to those provided for in Title V, Public Schools, which is in Part Second, Civil, of the General Code. If money is needed and used to accomplish the things that a board may lawfully do, the section provides how they shall be paid for.

As now constituted no provision relating to levying general property taxes appears in Title V. Since 1927 (112 Ohio Laws, 391) all tax-levying laws for all taxing authorities, including boards of education, are in Title I, Taxation, of Part Second.

That it was not the intention of the Legislature to grant any tax-levying power under Section 7610-1,

General Code, is manifest from an examination of its legislative history and association.

In substance, that section was Section 3969, Revised Statutes. In the code revision of 1910 it became Section 7610, General Code, and at that time Title V contained the tax-levying laws for school boards, particularly former Sections 7586 and 7587, General Code. By Section 7610, General Code, the county commissioners were authorized to do the things the district school board failed to do, and among them was power "to estimate and certify the levy for a contingent fund." The county. board of education was created in 1914 (104 Ohio Laws, 133), and in 1917 (107 Ohio Laws, 623) Section 7610, General Code, was divided, the tax-levying provision was continued with the county commissioners as Section 7610, General Code, and Section 7610-1, General Code, was enacted in much the same form as it is now, conferring its powers on the county board of education. This action by the Legislature indicated a purpose on its part not to give the county board of education the precise taxing power now under consideration. Had it so intended this division of the section would not have been necessary and that board would have received that power with those that were transferred to it in the new Section 7610-1, General Code.

With the enactment of the uniform tax levy law in 1927 (112 Ohio Laws, 391), the taxing authority for school districts was all transferred in Part Second of the Code, from Title V to Title I, Taxation. Section 5625-1c, General Code, in that title says: " 'Taxing authority' * * * shall mean * * * in the case of a school district, the board of education."

In 1929, Section 7610, General Code, which authorized the county commissioners to levy a tax for a contingent fund for a school district when its board failed to do so, was repealed as obsolete, there being no longer a contingent fund in the school tax arrangement, and,

as noted above, the whole subject of taxation by school districts was transferred to Title I.

From this history and the language of Section 7610-1, General Code, as it now appears, particularly the phrase "by this title," it seems clear that there is no power in the county board to levy the tax in question, even though the Center township district may, before the end of 1940, need more funds than it has, and the answer to the question as stated by counsel for the boards is, "no."

It is urged that Section 5625-25, General Code, made it the mandatory duty of the township board to levy the tax certified by the budget commission. If that is true then mandamus is the appropriate remedy to compel performance of that duty. This was not attempted.

After the township board changed on January 1, 1940, and two new members came upon it, it passed, on January 24, a resolution levying the three-mill tax. This action was too late, the county auditor had made up the duplicate containing this levy, and the attempted action of the township board was in direct violation of the injunction that had been granted herein on January 9. Properly, the boards do not now claim there is any force in this action of the township board.

Having arrived at the foregoing conclusion on the power or lack of power of the county board to make this levy, it is unnecessary to consider the fact questions discussed regarding the adequacy of the funds available to the district. Neither can the court consider whether the levy would be expedient for the schools or the district.

A finding and judgment for the plaintiff will be entered making the temporary injunction permanent, all at the cost of the defendant boards of education.

*Decree for appellee.*

Overmyer and Lloyd, JJ., concur.